# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TRAVIS DICKERSON,

    **Plaintiff,**

    **v.**                        **Case No. 19-CV-470**

STEVEN JOHNSON and
RICK FREEZE,

    **Defendants.**

## DECISION AND ORDER ON DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

Travis Dickerson, an inmate at the Milwaukee Secure Detention Facility who is representing himself, brings this lawsuit under 42 U.S.C. § 1983. He alleges that defendants subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment. (Docket # 5.) Before me is the defendants' motion for summary judgment in which they argue that Dickerson did not exhaust his administrative remedies before initiating suit. (Docket # 24.) In addition, Dickerson filed a motion to appoint counsel after summary judgment was fully briefed. (Docket # 37.) For the reasons below, I will grant the defendants' motion for summary judgment, deny as moot Dickerson's motion to appoint counsel, and dismiss this case without prejudice.

# FACTS[1]

At all times relevant to this lawsuit, Travis Dickerson was housed at Milwaukee Secure Detention Facility (MSDF). (Defs.' Proposed Finding of Fact ("DPFOF") ¶ 1, Docket # 33; Declaration of Emily Davidson ("Davidson Decl.") ¶ 12, Docket # 27.) On February 23, 2019, Dickerson filed inmate complaint MSDF-2019-4752, claiming that since October 31, 2018, he had been housed in an inhumane environment at MSDF. (DPFOF ¶ 2; Davidson Decl. ¶ 15; Ex. 1001 at 8.) On March 11, 2019, the institution complaint examiner (ICE) rejected Dickerson's complaint as untimely, as it was beyond the fourteen-calendar day limit. (DPFOF ¶ 3; Davidson Decl. ¶ 16; Ex. 1001 at 2.) The ICE noted that Dickerson provided no reason for why he did not file his complaint earlier and that the complaint was filed more than 90 days after the date of the occurrence, October 31, 2018. (*Id.*) In addition, Dickerson offered no evidence, nor was there any other proof that would show he was denied the use of, or inhibited in any way, from using the Inmate Complaint Review System (ICRS) since the date of the occurrence. (*Id.*)

On March 25, 2019, Dickerson filed a Request for Review of Rejected Complaint. (DPFOF ¶ 4; Davidson Decl. ¶ 17.) On April 29, 2019, the Reviewing Authority rejected the appeal as untimely, as it was beyond the ten-calendar day limit. (DPFOF ¶ 5; Davidson Decl. ¶ 18; Ex. 1001 at 6.)

## LEGAL STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] All uncontroverted statements of material fact are admitted for the purpose of deciding summary judgment. Civ. L.R. 56(b)(4) (E.D. Wis.). Although the defendants' motion for summary judgment advised Dickerson of Civ. L.R. 56 (Docket # 24), Dickerson did not respond to the defendants' Proposed Findings of Fact or submit his own Proposed Findings of Fact.

2

law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

1. *Administrative Exhaustion Requirement*

  1.1  Prison Litigation Reform Act

Because Dickerson was incarcerated when he filed his federal complaint, the Prison Litigation Reform Act (PLRA) applies to this case. The PLRA provides that an inmate

3

cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects inmates to adhere to "the specific procedures and deadlines" established by the institution's policy. *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). But "[r]emedies that are genuinely unavailable or nonexistent need not be exhausted." *Pyles*, 829 F.3d at 864. Because exhaustion is an affirmative defense, the defendants bear the burden of proving that Dickerson failed to exhaust. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

### 1.2    Inmate Complaint Review System

The Wisconsin Department of Corrections requires an inmate with a complaint about prison conditions or the actions of prison officials to exhaust all administrative remedies using the Inmate Complaint Review System (ICRS) before commencing a civil

4

action. Wis. Admin. Code §§ DOC 310.01(2)(a), 310.05. The ICRS is available for inmates to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1).

In order to use the ICRS, an inmate must file a complaint with the institution complaint examiner (ICE) within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). Complaints submitted later than fourteen days after the event may be accepted for good cause. *Id.* After reviewing each complaint and acknowledging it in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§ DOC 310.10(9), 310.10(12). An inmate may appeal a rejected complaint within ten days to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint; the reviewing authority's decision is final. Wis. Admin. Code § DOC 310.10(10).

If the ICE accepts the complaint, an inmate may appeal the reviewing authority decision to the corrections complaint examiner (CCE) within fourteen days after the date of the decision. Wis. Admin. Code § DOC 310.12(1). Upon good cause as determined by the CCE, an appeal filed later than fourteen days after the date of the reviewing authority decision may be accepted. Wis. Admin. Code § DOC 310.12(6). The CCE reviews the appeal and makes a recommendation to the secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.12(9). The secretary affirms or dismisses the CCE's recommendation or returns the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.13(2).

5

*2. Discussion*

The defendants contend that Dickerson failed to exhaust his administrative remedies because he did not file a timely appeal of his rejected inmate complaint. Dickerson had ten days to appeal the rejection of his inmate complaint, and his appeal was filed outside of that the ten-day deadline.

Dickerson contends that he exhausted his available administrative remedies. (Docket # 29 at 3.) In his first response to the defendants' motion, Dickerson filed a declaration in which he avers that on October 30, 2018, he observed his surroundings and concluded that he was housed in an inhumane environment. (Docket # 30 at 1.) He says that he investigated MSDF in its entirety for months before he filed his first inmate complaint on February 13, 2019. (*Id.*) His first complaint was not accepted, and the ICE directed him to contact defendant Rick Freeze, the unit manager. (*Id.*) Dickerson says that he wrote defendant Freeze several times but did not receive any feedback. (*Id.*) Dickerson avers that he submitted his second inmate complaint regarding inhumane living conditions on February 27, 2019, but the complaint was not accepted. (*Id.* at 1-2.) He states that on March 26, 2019, he submitted a complaint to the reviewing authority appeal and that on April 9, 2019, the appeal was rejected. (*Id.* at 2.) In his supplemental response to the defendants' motion for summary judgment, Dickerson states that the period between March 26, 2019 to April 9, 2019 is fourteen days, which meets the deadline. (Docket # 36.) He also says that there is no supporting case law stating that he was required to file an inmate complaint once he discovered the nature of an act or condition in a prison setting. (*Id.*) Dickerson did not file any documents in support of his responses to the defendants' summary judgment motion. He has misstated several dates, as set forth below.

6

As an initial matter, Dickerson arguably timely filed inmate complaint MSDF-2019-4752 because he complained of ongoing conditions at MSDF. He submitted it on February 23, 2019,[2] claiming that he had been housed at MSDF since October 31, 2018, that he was living in an inhumane environment, and that the "date of incident" was February 11, 2019. (ECF No. 27-2 at 8.) On March 11, 2019, the ICE rejected MSDF-2019-4752, stating in relevant part: "Inmate complains that since 10/31/18 he has been housed at MSDF and through deep observation he has come to the conclusion that he is living in a humane [sic] environment which is violating his 8th Amendment." (*Id.* at 2.) Thus, the ICE appears to acknowledge that at the time Dickerson filed his inmate complaint, he was still living in the "inhumane environment" that he was when he entered MSDF on October 31, 2018. A prisoner's grievance regarding a continuing adverse living condition can reach both forwards and backwards to exhaust the entirety of his claim. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013); s*ee also Weiss v. Barribeau*, 853 F.3d 873, 874 (7th Cir. 2017) (noting that a grievance may not be untimely if the grievance dealt with an untreated injury that caused continuous pain); *Nieto v. Dittman*, 2017 WL 3610571, at *2 (W.D. Wis. Aug. 22, 2017) (plaintiff's grievance about ongoing denial of dental care was not untimely because he waited more than 14 days (the grievance deadline) from initial denial of care to file grievance given that denial of care was a continuing violation); *Edwards v. Schrubbe*, 807 F. Supp. 2d 809, 812 (E.D. Wis. 2011) (inmate complaint timely where plaintiff complained about "an ongoing denial of medical treatment rather than one isolated incident" and the complaint documented the "repeated efforts to resolve the grievance").

---

[2] Dickerson signed Inmate Complaint MSDF-2019-4752 on February 23, 2019. (Docket # 27 at 8.) The inmate complaint form indicated that its "date received" was February 27, 2019. (*Id.*)

7

While Dickerson's inmate complaint arguably was timely filed, it is undisputed that Dickerson did not file a timely appeal of the rejection of his inmate complaint. MSDF-2019-4752 was rejected on March 11, 2019, and Dickerson had ten days to appeal the rejection, or until March 21, 2019. Dickerson filed his appeal on March 25, 2019, four days too late. Based on Dickerson's untimely appeal, he has not properly exhausted his administrative remedies. To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). Accordingly, I will grant the defendants' motion for summary judgment for failure to exhaust administrative remedies and dismiss this case without prejudice. *See Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005) (citations omitted).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion for summary judgment for failure to exhaust administrative remedies (Docket # 24) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Dickerson's motion to appoint counsel (Docket # 37) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk's Office enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension

8

and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 10th day of August, 2020.


BY THE COURT:


*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

9